UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES LEMON, on behalf of himself and all other plaintiffs known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | Judge Darrah Magistrate Judge Cole |
| v. | ) ) | No. 08 CV 1946 |
| VILLAGE OF BROADVIEW, SAM SACCO, Individually, TONY SACCO, Individually and HENRY VICENIK, Individually, | ) ) ) ) ) | |
| Defendants. | ) | |

### ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND OF DEFENDANTS THE VILLAGE OF BROADVIEW, TONY SACCO AND HENRY VICENIK

NOW COME Defendants, VILLAGE OF BROADVIEW ("Village"), TONY SACCO, and HENRY VICENIK, by and through their attorneys, Odelson & Sterk, Ltd., and for their answer to the Complaint of Plaintiff, CHARLES LEMON, on behalf of himself and all other plaintiffs known and unknown, states as follows:

**I.   NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., and the Portal-to-Portal Act, 29 U.S.C. §251, *et seq*., the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*., and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*.

**ANSWER:**   Defendant deny that the Plaintiff has any meritorious claims against them under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., and the Portal-to-Portal Act, 29 U.S.C. §251, *et seq*., the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*., and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*.

## II.     JURISDICTION AND VENUE

2.     Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq*., and for the supplemental Illinois statutory claims pursuant to 28 U.S.C. §1367.  Venue lies in the Northern District of Illinois in that Plaintiff is a resident of this district and Defendants are engaged in business in this district.

**ANSWER:**     Defendants do not contest this Court's jurisdiction.  Defendants do not contest venue in this matter.

## III.     PARTIES

3.     Defendants, VILLAGE OF BROADVIEW (hereinafter referred to as "the Village" or collectively with other Defendants as "the Defendants") is a local government entity which provides a variety of public services to residents within its boundaries.  Defendants Sam Sacco, Tony Sacco and Henry Vincenik, (hereinafter, along with the Village, collectively referred to as "Defendants") are employees of the Village and were directly involved with the hiring of Plaintiff and other members of the Plaintiff class as well as devising and implementing the non-compliant wage policy complained of herein.  As such, each Defendant qualifies as an employer as defined by the FLSA.  During all relevant times, all Defendants were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff as well as the proposed class of employees and, therefore, were and are "employers" as defined under both the federal and state statutes.

**ANSWER:**     Defendants admit only that the Village is a local governmental entity which provides a variety of public services to residents within its boundaries, and that Sam Sacco and

Tony Sacco are employees of the Village. Henry Vicenik is the elected Village President and is not an employee. Defendants deny the remaining allegations contained in this Paragraph.

4. Plaintiff, CHARLES LEMON, (hereinafter "the named Plaintiff") and all other Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") perform duties for the Village and the community as part of the public works department. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all Plaintiffs similarly situated were also engaged in commerce as defined by the FLSA.

**ANSWER:** Defendants admit only that the Plaintiff performed work for the Village public works department. Defendants deny all other allegations contained in this paragraph.

## IV. CLASS ALLEGATIONS

### Fair Labor Standards Act

5. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is maintained by the Plaintiff as an opt-in representative action, for and on behalf of himself and other past and present hourly employees similarly situated, who have been or will in the future be damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq*. and §251 *et seq*. Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260. Plaintiff seeks to send Notice to all similarly situated hourly employees who have been denied proper over time compensation, as required by 29 U.S.C. Section 216(b) and supporting case law.

**ANSWER:** This Paragraph contains only legal conclusions. To the extent that there are any factual allegations made against Defendants, the Defendants deny such allegations contained in this Paragraph.

### Illinois Minimum Wage Law

6. Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1 et seq. Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or after the date three (3) years prior to the filing of this action.

**ANSWER:** This Paragraph contains only legal conclusions. To the extent that there are any factual allegations made against Defendants, the Defendants deny such allegations contained in this Paragraph.

### Illinois Wage Payment and Collection Act

7. Pursuant to Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1 et seq., Count V of this action is brought by Plaintiff to recover unpaid back wages earned on or after the date five (5) years prior to the filing of this action.

**ANSWER:** This Paragraph contains only legal conclusions. To the extent that there are any factual allegations made against Defendants, the Defendants deny such allegations contained in this Paragraph.

**V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

8. The named Plaintiff, and all similarly situated members of the Plaintiff Class, were improperly designated and classified as independent contractors during their employment for purposes of payroll compensation.

**ANSWER:** Defendants deny the allegations contained in this Paragraph.

9. As such, the improper designation as independent contractor denied the named Plaintiff and members of the Plaintiff class their rightful premium wage at time and one half their regular rate of pay for all hours worked beyond 40 in a work week, pursuant to the requirements of the federal and state statutes herein relied upon.

**ANSWER:** Defendants deny the allegations contained in this Paragraph.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-9. Paragraphs 1 through 9 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 9 of this Count I.

**ANSWER:** Defendants restate paragraphs 1 through 9 of their answers to the introductory paragraphs as their answers to paragraphs 1 through 9 of Count I, as though fully set forth herein.

10. Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) previous years preceding the filing of this action.

**ANSWER:** Defendants deny the allegations contained in this Paragraph.

11. Defendants have at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiff herein, at the rate of one and one-

5

half times his regular hourly wage rate for hours worked over forty (40) in a work week, all as required by the F.L.S.A.

**ANSWER:** Defendants deny the allegations contained in these paragraphs. Defendants, further, deny that the Plaintiffs were "employees," and, therefore, deny the allegation of applicability of the F.L.S.A.

WHEREFORE, Defendants deny that the Plaintiff, and members of the alleged Plaintiff Class, are entitled to judgment against them in any amount whatsoever, and pray that judgment be entered against any and all Plaintiffs and in favor of Defendants and that the Defendants be awarded their costs and fees and any such other relief as may be appropriate.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-9.    Paragraphs 1 through 9 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 9 of Count II.

**ANSWER:** Defendants restate paragraphs 1 through 9 of their answers to the introductory paragraphs as their answers to the paragraphs 1 through 9 of Count II, as though fully set forth herein.

10.    Defendants have, both in the past and presently, willfully failed to pay the named Plaintiff and members of the Plaintiff Class for work weeks in excess of forty (40) hours per week at a rate equal to one and one-half times therir regular rate of pay, despite the fact that Defendant knew, or should have known, of the requirements of the Fair Labor Standards Act.

**ANSWER:** Defendants deny the allegations contained in this Paragraph.

11. Defendants continue a pattern of deliberate, voluntary, intentional, and willful violation of the Fair Labor Standards Act.

**ANSWER:** Defendants deny the allegations contained in this Paragraph.

12. Pursuant to the Fair Labor Standards Act, Plaintiff, and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) in any given week in the three (3) years preceding the filing of this complaint.

**ANSWER:** This Paragraph contains only legal conclusions. To the extent that there are any factual allegations made against Defendants, the Defendants deny such allegations contained in this Paragraph.

WHEREFORE, Defendants deny that the Plaintiff, and members of the alleged Plaintiff Class, are entitled to judgment against them in any amount whatsoever, and pray that judgment be entered against any and all Plaintiffs and in favor of Defendants and that the Defendants be awarded their costs and fees and any such other relief as may be appropriate.

## COUNT III

## LIQUIDATED DAMAGES

## UNDER THE FAIR LABOR STANDARDS ACT

1-9. Paragraphs 1 through 9 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 9 of Count III.

**ANSWER:** Defendants restate paragraphs 1 through 9 of their answers to the introductory paragraphs as their answers to the paragraphs 1 through 9 of Count III, as though fully set forth herein.

10. In denying the named Plaintiff and members of the alleged Plaintiff Class compensation at a rate of one and one-half their hourly rate of pay for hours worked over forty (40) in a workweek, Defendants' acts were not based upon good faith or reasonable grounds.

**ANSWER:** Defendants deny the allegations contained in this Paragraph.

11. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §260.

**ANSWER:** This Paragraph contains only legal conclusions. To the extent that there are any factual allegations made against the Defendants, the Defendants deny such allegations contained in this Paragraph.

WHEREFORE, Defendants deny that the Plaintiff, and members of the alleged Plaintiff Class, are entitled to judgment against them in any amount whatsoever, and pray that judgment be entered against any and all Plaintiffs and in favor of Defendants and that the Defendants be awarded their costs and fees and any such other relief as may be appropriate.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM

## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-9. Paragraphs 1 through 9 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 9 of this Count IV.

**ANSWER:** Defendants restate paragraphs 1 through 9 of their answers to the introductory paragraphs as their answers to the paragraphs 1 through 9 of Count IV, as though fully set forth herein.

10.     The Illinois Minimum Wage Law provides one and one half times their regular rate of pay must be paid to employees for work performed in excess of 40 hours in a workweek.

**ANSWER:** This Paragraph contains only legal conclusions. To the extent that there are any factual allegations made against the Defendants, the Defendants deny such allegations contained in this Paragraph.

11.     Defendants' failure to pay the overtime wages as described has been willful and/or in bad faith.

**ANSWER:** Defendants deny the allegations contained in this Paragraph.

WHEREFORE, Defendants deny that the Plaintiff, and members of the alleged Plaintiff Class, are entitled to judgment against them in any amount whatsoever, and pray that judgment be entered against any and all Plaintiffs and in favor of Defendants and that the Defendants be awarded their costs and fees and any such other relief as may be appropriate.

## COUNT V

## SUPPLEMENTAL STATE LAW CLAIM

## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-9.    Paragraphs 1 through 9 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 9 of this Count V.

**ANSWER:** Defendants restate paragraphs 1 through 9 of their answers to the introductory paragraphs as their answers to the paragraphs 1 through 9 of Count V, as though fully set forth herein.

10. The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties,...". Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses... and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties". As part of the employment agreement between the parties herein, Defendants agreed they would pay compensation in compliance with state and federal regulations and law.

**ANSWER:** The Defendants admit that the Illinois Wage Payment and Collection Act defines the term "wages". The Defendants deny each and every remaining allegation contained in this paragraph.

11. The Illinois Wage Payment and Collection Act, Section 4, provides that "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned". Plaintiff herein, and other absent Plaintiffs who may join in the future, have been denied payment of rightful overtime wages for varying amounts of time in excess of 13 days from the time the overtime pay was earned.

**ANSWER:** Defendants deny the allegations contained in this Paragraph.

12.　　The Illinois Wage Payment and Collection Act, Section 5, provides that "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. Plaintiff herein, and other absent Plaintiffs who may join in the future, have been denied payment of rightful overtime wages for varying amounts of time in excess of the next scheduled pay day after their separation.

**ANSWER:**　　Defendants deny the allegations contained in this Paragraph.

13.　　Defendants' acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned overtime wages to Plaintiff, constitutes a violation of the Illinois Wage Payment and Collection Act.

**ANSWER:**　　Defendants deny the allegations contained in this Paragraph.

WHEREFORE, Defendants deny that the Plaintiff, and members of the alleged Plaintiff Class, are entitled to judgment against them in any amount whatsoever, and pray that judgment be entered against any and all Plaintiffs and in favor of Defendants and that the Defendants be awarded their costs and fees and any such other relief as may be appropriate.

## **AFFIRMATIVE DEFENSES**

For their affirmative defenses to all counts of Plaintiff's complaint, Defendants state as follows:

**First Affirmative Defense**

Defendants are not liable because any and all Plaintiffs were not "employees" as defined in §203(e)(1) because said Plaintiffs were "independent contractors".

**Second Affirmative Defense**

Defendants are not liable for willful conduct, under Count II, or for liquidated damages, under Count III. Any alleged act or omission by the Defendants giving rise to the alleged violations were in good faith and the Defendants had reasonable grounds for believing that their conduct was not a violation of the Fair Labor Standards Act.

WHEREFORE, Defendants deny that the Plaintiff is entitled to judgment against them in any amount whatsoever, and pray that judgment be entered against any and all Plaintiffs and in favor of Defendants and that the Defendants be awarded their costs and fees and any such other relief as may be appropriate.

**JURY DEMAND**

Defendants respectfully request a trial by jury.

    Respectfully submitted,

    Village of Broadview, Anthony Sacco, and
    Henry Vicenik, Defendants

    By: *s/Cary A. Horvath*
        One of Their Attorneys

Cary A. Horvath
ODELSON & STERK, LTD.
3318 W. 95th Street
Evergreen Park, IL 60805
708-424-5678