**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHARLES LEMON, on behalf of himself and all other plaintiffs known and unknown, | )<br>)<br>) **№** 08 CV 1946<br>) |
| Plaintiff | ) Honorable Judge Darrah<br>) |
| v. | )<br>) |
| VILLAGE OF BROADVIEW, SAM SACCO, INDIVIDUALLY, TONY SACCO, INDIVIDUALLY AND HENRY VICENIK, INDIVIDUALLY | )<br>) *JURY DEMAND*<br>)<br>)<br>) |
| Defendants | ) |

**PLAINTIFF'S UNOPPOSED MOTION
TO BEGIN NOTICE TO MEMBERS OF THE PLAINTIFF CLASS**

NOW COMES the Plaintiff, **CHARLES LEMON**, on behalf of himself, and all other Plaintiffs similarly situated known or unknown, through his attorney of record, JOHN W. BILLHORN, and for his **UNOPPOSED MOTION TO BEGIN NOTICE TO MEMBERS OF THE PLAINTIFF CLASS**, state as follows:

1.      On behalf of himself and all other past and present employees of Defendants, Village of Broadview, Sam Sacco, individually, Tony Sacco, individually, and Henry Vicenik, individually, Plaintiff has filed his claim for unpaid wages and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("FLSA").

2.      By agreement, Defendants have identified or will identify other similarly situated individuals, both past and present, who have worked as independent contractors for the Village within the last three years.

1

3.    The statute of limitations controlling a Fair Labor Standards Act action is two years, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action has accrued (See 29 U.S.C. §255(a), also known as the Portal to Portal Act).  Additionally, the statute of limitations may be suspended or tolled temporarily or indefinitely under certain circumstances.

4.    For the named Plaintiff herein, his cause of action will accrue back two or three years, or more, from the date of filing of this complaint.  However, pursuant to the provisions of the Portal to Portal Act, future Class members are not capable of tolling their statute of limitations until such time their consent to join the action as Parties-Plaintiffs has been filed with the Court:

§256.   DETERMINATION OF COMMENCEMENT OF FUTURE ACTIONS

In determining when an action is commenced for the purpose of section 6 [29 USCS § 255], an action commenced on or after the date of the enactment of this Act [May 14, 1947] under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act, shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended, or the Bacon-Davis Act, it shall be considered to be commenced in the case of any individual claimant-

(a)    on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or

(b)    if such written consent was not so filed or if his name did not so appear on the subsequent date on which such written consent is filed in the court in which the action was commenced.

5.    Thus, it is necessary to immediately initiate the sending of Notice to all past and present hourly workers identified by Defendants as being similarly situated to the named Plaintiff herein, as well as uniform "consent form" to be returned to the Court indicating each individual's desire to join the Class.

6.     Attached hereto as Exhibit "A" is a "Notice" and "Consent" form which the Parties have reached agreement with regard to both language and content. Both are based upon principles and conditions as stated in other court opinions on the subject. (e.g., *__Allen v. Marshall Field & Company__,* **93 F.R.D. 438 (N.D.Ill. 1982).**

7.     Courts in virtually all circuits have followed the findings of the U.S. Supreme Court and have determined that such notice to potential class members in F.L.S.A. litigation is appropriate where the ability of those individuals to otherwise learn of their claim is limited. (See *__Hoffman-LaRoche, Inc. v Sperling,__* **493 U.S. 165 (1989),** *__Woods v. New York Life Ins.__,* **686 F.2d 578 (7th Cir. 1982),** *__Braunstein v. Eastern Photographic Labs, Inc.,__* **600 F.2d 335 (2d Cir. 1978)**).

8.     After approval of the Notice and Consent forms, Notice shall be sent to the last known address of the each similarly situated individual identified.


WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, request this court to enter an order:

(a) Approval of the language and content of Notice and Consent agreed upon by the Parities, and

(b) For such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

*__Electronically Filed 6/24/2008__*

*__s/ John W. Billhorn__*

_____

John W. Billhorn,
Attorney for Plaintiff

BILLHORN LAW FIRM
515 N. State Street  / Suite 2200
Chicago, IL 60610
312) 464-1450

# NOTICE OF LAWSUIT AGAINST THE VILLAGE OF BROADVIEW ALLEGING VIOLATION OF WAGE AND HOUR REQUIREMENTS OF FAIR LABOR STANDARDS ACT

The purpose of this notice is to advise you that a lawsuit has been filed in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 08 CV 1946 by Charles Lemon against the Village of Broadview, Sam Sacco, Anthony Sacco, and Henry Vicenik (hereinafter referred to as "Defendants").  This Notice advises you of your right to decide whether or not to join this lawsuit. Nothing in this Notice should be viewed as an admission of wrongdoing on the part of the Defendants.  The lawsuit alleges that Defendants have violated Federal law which requires covered employees to be paid at a premium rate of one and one-half times for hours worked over forty (40) in a workweek (commonly known as overtime).  Defendants deny Plaintiffs allegations.  Defendants claim that the plaintiff was an independent contractor and exempt from the overtime provisions.  The lawsuit seeks back wages and other relief.  The law controlling this case also provides that in some circumstances covered employees are entitled to double their back wages.  All disputed issues will be decided by the Court before which this case is pending.

## YOUR RIGHT TO JOIN THIS LAWSUIT
## AS PLAINTIFF

If you have worked on an hourly basis within the last three years, and you have worked hours in any workweek in excess of 40 for the Defendants, and you believe that the Defendants failed to pay you overtime compensation, you have a right to make your claim as part of this lawsuit for overtime compensation.  To do that, you must send written notice indicating that you wish to be a plaintiff.  A "Notice of Consent" form (the yellow form) is enclosed for that purpose.

It is entirely your own decision whether or not to join this lawsuit.  You are not required to join this case or take any action unless you want to.  It is completely voluntary.   If you have not worked more than 40 hours in any week or if you simply do not desire to join this lawsuit for any reason, you need not complete any form or do anything at all.

## COMPENSATION ISSUES TO BE RESOLVED

In this case, some Village workers including the named Plaintiff were designated by Defendants as "independent contractors" and were paid at straight time rates for all hours worked.  The Plaintiff has challenged that designation and claims that he and similar workers should have been designated as hourly "employees" and paid overtime for work over 40 hours in a week. Whether the independent contractor designation or the employee designation was (or is) proper is an issue for the Court to decide.

## PROTECTION AGAINST RETALIATION

The Federal law controlling this case prohibits an employer from discriminating or retaliating against or terminating any covered employee who chooses to take part in this case because he or she has asserted a claim.

## HOW TO FILE THE "NOTICE OF CONSENT" IF YOU
## CHOOSE TO JOIN THIS SUIT

Enclosed with this Notice is a "CONSENT FORM" (the yellow form), which should be used if you choose to be a plaintiff in this lawsuit.  If you choose to join this lawsuit, this Consent Form must be completed, signed and returned so that it may be filed with the Clerk of Court.  The form should be mailed to:

**BILLHORN LAW FIRM**
**515 N. STATE STREET / SUITE 2200**
**CHICAGO IL 60610**

In order for you to become a plaintiff, the enclosed Consent Form must be <u>received</u> by the Clerk of the Court no later than (***insert date of 30 days from date of mailing***).  Any delay in such delivery, or any failure to deliver the Consent form, would be your responsibility, and you would not become a plaintiff.

## THE LEGAL EFFECT OF JOINING OR NOT JOINING IN THIS LAWSUIT

If you choose to join this lawsuit, you will be bound by the judgment on any claim you may have under the FLSA, whether favorable or unfavorable.  If you choose not to join the lawsuit, you will not be affected by the judgment, favorable or unfavorable, on any of the claims brought in this action.  Any claim you might have for back wages would then have to be made in a separate timely lawsuit filed on your behalf by an attorney of your choosing.

## YOUR OPTION OF LEGAL REPRESENTATION
## IF YOU DECIDE TO JOIN THIS LAWSUIT

If you decide to join the lawsuit, Plaintiff's present attorney, John W. Billhorn will automatically represent you unless you also decide to select someone else to represent you.  Attorney Billhorn is located at **515 N. State Street, Suite 2200, Chicago, Illinois, 60610 / (312) 464-1450**. Attorney Billhorn will provide legal services for you at no cost.

## NO OPINION EXPRESSED REGARDING THE MERITS OF THIS LAWSUIT

This notice is for the sole purpose of determining the identity of Defendants' past and present workers who wish to be involved in this lawsuit.  Although the Court has authorized the sending of this Notice, there is no assurance at this time that any person will be awarded any back wages whatsoever.  The Court has not expressed any opinion on the merits, nor has the Court expressed an opinion as to whether you should or should not join in this lawsuit.

# <u>NOTICE OF CONSENT</u>

**Send To:**

> ***BILLHORN LAW FIRM***
> **515 N. STATE STREET**
> **SUITE 2200**
> **CHICAGO, IL. 60610**

I hereby state that I am now, or in the **three years** preceding have been, an hourly worker of **the Village of Broadview** and believe that in the past have been denied one and one-half compensation for hours worked in excess of forty (40) in a workweek.  I therefore believe that either or all of these Defendants may be liable to me for back wages as well as certain other relief; and because of this, I give my consent to be included as a plaintiff in the lawsuit of ***Charles Lemon v. Village of Broadview, Sam Sacco, Tony Sacco, and Henry Vicenik***, United States District Court, No. 08 CV 1946.

***YOUR NAME*:**

_____
(Print)

***YOUR ADDRESS*:**

_____
(Street/City/Zip Code)

***TELEPHONE:***   (_____)   _____
                   Area Code

***DATES EMPLOYED:***   **START:** _____ _____

                        **END:**   _____

***YOUR SIGNATURE:*** _____

**DATE:** _____